**WO**

| | |
|---|---|
| Margaret J. Brown, | No. CV-10-2808-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Litchfield Elementary School District No. 79, | |
| Defendant. | |

Pending before the Court is a Motion to Dismiss (Doc. 4) filed by Defendant Litchfield Elementary School District No. 79. For the following reasons, the Court grants the Motion to Dismiss, with leave to amend.

**BACKGROUND**

Plaintiff alleges claims for age discrimination, race discrimination, and wrongful termination arising from her termination as a Site Leader from Litchfield Elementary School District on September 3, 2010. (Doc. 1). The only reason Plaintiff was allegedly given for her termination was that she was overheard speaking the name of her direct supervisor and Program Director, Megan Duplain, in a private conversation with a teacher's aide. (Doc. 1 at 9). Plaintiff appears to assert that the Director's reasoning for Plaintiff's termination was merely pretext and that Plaintiff's supervisor, Brittany Fluesche, repeatedly discriminated against her because of her age. (*Id*. at 10). Plaintiff alleges that Fluesche then convinced

1  Duplain to terminate her based on an excuse. (*Id.*). Moreover, Plaintiff, an African American,

2  contends that her wrongful termination was also motivated by racial animus. Plaintiff had not

3  been written up prior to her termination and allegedly received the highest rating available

4  during her most recent performance review. (*Id.*).

5          Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity

6  Commission ("EEOC") on September 27, 2010, alleging that Defendant discriminated

7  against her because of her race in violation of Title VII of the Civil Rights Act, and because

8  of her age pursuant to the Age Discrimination in Employment Act ("ADEA"). Plaintiff filed

9  her Complaint in the instant action on December 30, 2010. Defendant now moves to dismiss

10  all of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

11  **DISCUSSION**

12  **I.    Legal Standard**

13          To state a claim under Rule 8 and to survive dismissal under Rule 12(b)(6), a

14  complaint must contain more than "labels and conclusions" or a "formulaic recitation of the

15  elements of a cause of action"; it must contain factual allegations sufficient to "raise a right

16  to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

17  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough

18  facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler*

19  *Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The

20  plausibility standard "asks for more than a sheer possibility that a defendant has acted

21  unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's

22  liability, it stops short of the line between possibility and plausibility of entitlement to relief."

23  *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations and quotation marks omitted).

24          When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll

25  allegations of material fact are taken as true and construed in the light most favorable to the

26  nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal

27  conclusions couched as factual allegations are not given a presumption of truthfulness, and

28  "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a

1  motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

2  The Court must construe the complaint liberally since Plaintiff is proceeding pro se.

3  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se

4  plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than

5  formal pleadings drafted by lawyers.'") (citations omitted); *Eldridge v. Block*, 832 F.2d 1132,

6  1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe

7  the 'inartful pleading' of pro se litigants.") (citation omitted); *Ashelman v. Pope*, 793 F.2d

8  1072, 1078 (9th Cir. 1986) ("[W]e hold [plaintiff's] pro se pleadings to a less stringent

9  standard than formal pleadings prepared by lawyers.").

10  **II.     Analysis**

11  **A.     Age Discrimination**

12  The ADEA makes it unlawful for an employer "to discharge any individual or

13  otherwise discriminate against any individual with respect to his compensation, terms,

14  conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §

15  623(a)(1). In the absence of direct evidence of age discrimination, Plaintiff can rely on the

16  burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

17  Under this approach, Plaintiff must first establish a prima facie case of age discrimination by

18  showing that (1) she was a member of the protected class (at least age 40), (2) performed her

19  job satisfactorily, (3) was subjected to an adverse employment action, and (4) employees who

20  were both substantially younger and similarly situated were treated more favorably. *See Diaz*

21  *v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207–08 (9th Cir. 2008); *see also Coleman v.*

22  *Quaker Oats Co.*, 232 F.3d 1271, 1280–81 (9th Cir. 2000) (discussing elements in the

23  context of termination).

24  Plaintiff has asserted sufficient facts to support the first three elements of an ADEA

25  claim. While Plaintiff fails to indicate her age in the Complaint, her EEOC Charge (attached

26  to the Complaint) provides that her date of birth is January 13, 1965, suggesting that at the

27

28

time of her termination she was 45 years old, and therefore a member of the protected class.[1] Plaintiff also alleges sufficient facts to show that she performed her job satisfactorily. She conveys that she has "never been written-up" and that she "was marked straight 5's (highest marks allowed)" during her May 2010 appraisal. (Doc. 1 at 10). With respect to the third element of her prima facie case, Plaintiff adequately alleges that she was subject to an adverse employment action by stating that the Program Director terminated her employment on September 3, 2010. (*Id.* at 9). However, Plaintiff has not pled sufficient facts to demonstrate that similarly situated individuals were treated more favorably because of their age. Plaintiff asserts that, on more than one occasion, Fluesche emphasized how old Plaintiff was after Plaintiff expressed her personal issues of pain or illness. (*Id.* at 6). She also alleges that "a Caucasian employee (aide under me)" was written up twice without being fired. (*Id.* at 10). In her Response, Plaintiff clarifies that the Caucasian male aide was "young". (Doc. 10). However, to show that the employees allegedly receiving more favorable treatment are similarly situated, Plaintiff "must demonstrate, at least, that [she is] similarly situated to those employees in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). Individuals are similarly situated when "they have similar jobs and display similar conduct." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2004). Employees in supervisory positions are generally deemed not to be similarly situated to lower level employees. *See id.* (citing *Ward v. Procter & Gamble Paper Prods. Co.*, 111 F.3d 558, 560–61 (8th Cir. 1997)). Plaintiff, a Site Leader, only points to a young aide who was not terminated despite two write-ups even though Plaintiff was terminated without any warnings or write-ups. (Doc. 1 at 10). Plaintiff has failed to demonstrate that the young aide held a similar job; in fact, she seems to assert the opposite by indicating that the aide worked "under [her]". (*Id.*). Nor has

---

[1] Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, material which is properly submitted as part of the complaint may be considered. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Because Plaintiff's EEOC Charge of Discrimination is part of her complaint and its authenticity has not been called into question, it is appropriate for the Court to consider it in resolving the motion to dismiss.

1  Plaintiff alleged that the aide displayed similar conduct. These allegations, therefore, are not

2  sufficient to establish that employees who were both substantially younger and similarly

3  situated were treated more favorably.

4       "In civil rights cases where the plaintiff appears pro se, the court must construe the

5  pleading liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A.*

6  *Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, "[a] pro se litigant must be

7  given leave to amend his or her complaint unless it is absolutely clear that the deficiencies

8  of the complaint could not be cured by amendment." *Id.* (quotation marks and citations

9  omitted). In this case, Plaintiff could cure her ADEA claim by demonstrating that similarly

10  situated employees outside her protected class were treated more favorably. Accordingly,

11  Plaintiff's ADEA claim is dismissed, with leave to amend.

12       **B.    Race Discrimination**

13       Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on

14  account of race. 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for

15  an employer . . . to discharge any individual . . . because of such individual's race, color,

16  religion, sex, or national origin."). As the Supreme Court set forth in *McDonnell Douglas*,

17  there are four elements a plaintiff must satisfy in order to establish a prima facie case of

18  racial discrimination. 411 U.S. at 792. "[T]he plaintiff must show that (1) he belongs to a

19  protected class; (2) he was qualified for the position; (3) he was subject to an adverse

20  employment action; and (4) similarly situated individuals outside his protected class were

21  treated more favorably." *Id.*; *Moran*, 447 F.3d at 753. The proof required to establish the

22  prima facie case is "minimal and does not even need to rise to the level of a preponderance

23  of the evidence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). Nevertheless,

24  Plaintiff "must offer evidence that 'give[s] rise to an inference of unlawful discrimination,'

25  either through the framework set forth in *McDonnell Douglas* or with direct or circumstantial

26  evidence of discriminatory intent." *Vasquez*, 349 F.3d at 640.

27       Under the *McDonnell Douglas* framework, Plaintiff has failed to establish a prima

28  facie case of racial discrimination. Plaintiff has alleged that she is a member of a protected

class by asserting that she is African American. (Doc. 1). Plaintiff also sets forth sufficient facts to demonstrate that she was qualified for the position. These include her factual allegations that she had never been written-up, and that she received the highest marks possible in her May 2010 appraisal. (Doc. 1 at 10). Plaintiff has also adequately pled that her September 2010 termination constituted an adverse employment action. Nevertheless, as with her age discrimination claim, Plaintiff has failed to allege sufficient facts to establish that similarly situated individuals outside her protected class were treated more favorably. Again, Plaintiff only alleges that a Caucasian aide who worked under her was written up twice but never terminated. Plaintiff has set forth no facts to demonstrate that she and the aide had similar jobs or displayed similar conduct. Moreover, Plaintiff's assertion that she was the only African-American employee at the school, without more, does not provide sufficient support for this element. Because Plaintiff has failed to allege facts establishing that similarly situated employees outside her protected class were treated more favorably, her Title VII claim is dismissed, with leave to amend.

### C. Wrongful Termination

The Arizona Equal Protection Act ("AEPA") provides several scenarios in which an employee may sue for wrongful termination. A.R.S. § 23-1501(3). Beyond a single isolated reference to "wrongful termination," Plaintiff makes no further reference to this claim or identifies which scenario it is based upon.

To determine "whether claims survive a motion to dismiss, the Court looks to the [Complaint] in its entirety, not merely the count as articulated. Thus, the Court must consider if there are any plausible claims that can be maintained from the allegations asserted, not just the specific statute alleged." *Lombardi v. Copper Canyon Academy, LLC*, 2010 WL 3775408, at *6 (D. Ariz. Sept. 21, 2010). In *Lombardi v. Copper Canyon Academy, LLC*, the plaintiff's AEPA claim survived a motion to dismiss because the Court found that the complaint "as a whole demonstrate[d] a violation of AEPA," so the claim would "not be dismissed for failure to cite the correct section of the AEPA that was violated or failure to state which source statute was violated under the AEPA." (*Id.*). Plaintiff's Complaint, viewed

1  in its entirety, could plausibly state a claim for wrongful termination pursuant to A.R.S. § 23-
2  1501(3)(b), which provides that "[t]he employer has terminated the employment relationship
3  of an employee in violation of a statute of this state." Specifically, Plaintiff likely alleges a
4  violation of the Arizona Civil Rights Act ("ACRA"), A.R.S. § 41-1463(B)(1). ACRA, in
5  part, states: "[i]t is an unlawful employment practice for an employer . . . to discharge any
6  individual . . . because of the individual's race, color, religion, sex, age or national origin or
7  on the basis of disability." A.R.S. § 41-1463(B)(1). However, because it remains unclear on
8  what protected characteristic Plaintiff is asserting wrongful termination – age, race, or both
9  – the Court dismisses Plaintiff's claim, with leave to amend.

10                                    **CONCLUSION**

11        Defendant's Motion to dismiss is granted with respect to all three claims. At the same
12  time, the Court "should freely give leave [to amend] when justice so requires." FED. R. CIV.
13  P. 15(a)(2). The Ninth Circuit has characterized this as a standard of "extreme liberality."
14  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (internal quotations marks
15  omitted). Given that Plaintiff may be able to allege sufficient facts with regard to her claims,
16  dismissal is with leave to amend.

17        **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is
18  **GRANTED**.

19        **IT IS FURTHER ORDERED** that Plaintiff shall have **30 days** from the date of this
20  Order to file an amended complaint with respect to her claims. If an amended complaint is
21  not timely filed on this claim by **August 22, 2011**, it will be terminated consistent with this
22  Order. Should Plaintiff choose to file an amended complaint, the Court requests that it
23  comply with Local Rule of Civil Procedure 7.1.
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this matter after **August 22, 2011,** should Plaintiff not file an amended complaint, without further notice.

DATED this 22nd day July, 2011.

_A. Murray Snow_

G. Murray Snow
United States District Judge