**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret J. Brown,<br><br>          Plaintiff,<br><br>vs.<br><br>Litchfield Elementary School District No. 79,<br><br>          Defendant. | No. CV-10-2808-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Motion to Dismiss Plaintiff's Amended Complaint (Doc. 18). In their reply, Defendants also move to strike a portion of the Amended Complaint (Doc. 21). For the reasons stated below, the motion to dismiss is granted and the motion to strike is dismissed as moot.

**BACKGROUND**

Plaintiff brings claims for age discrimination, race discrimination, and wrongful termination arising from her termination as a Site Leader from Litchfield Elementary School District on September 3, 2010. (Doc. 17). Her initial complaint was dismissed with leave to amend on July 22, 2011. (Doc. 16). Her age and race discrimination claims were dismissed because she did not allege that any similarly situated employees outside her protected class were treated differently than she was. (*Id.* at 4–5). Her wrongful termination claim was dismissed because it was not clear, from reading the complaint in its entirety, that it was grounded in allegations that she was dismissed because of her age or race. (*Id.* at 6). In her

Amended Complaint, Plaintiff has included a narrative statement identical to the one in her original complaint, added a three-paragraph statement, and attached documentation regarding her employment status, including a statement from the Arizona Department of Economic Security ("DES"), notifying her that she was eligible for unemployment because, although she was discharged for violating a rule, "you were either unaware of the rule, or the rule was not reasonable or not uniformly enforced." (Doc. 16 at 4). Defendants have filed a Motion to Dismiss for failure to state a claim, and moved in their reply to strike the attachment from DES. (Doc. 21).

## DISCUSSION

### I.   Legal Standard

To state a claim under Rule 8 and to survive dismissal under Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

The Court must construe the complaint liberally since Plaintiff is proceeding pro se. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'") (citations omitted); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citation omitted); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("[W]e hold [plaintiff's] pro se pleadings to a less stringent standard than formal pleadings prepared by lawyers.").

## II. Analysis

### A. Age Discrimination

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In the absence of direct evidence of age discrimination, Plaintiff can rely on the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this approach, Plaintiff must first establish a prima facie case of age discrimination by showing that she (1) was a member of the protected class (at least age 40), (2) performed her job satisfactorily, (3) was subjected to an adverse employment action, and (4) was treated less favorably than employees who were both substantially younger and similarly situated. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207–08 (9th Cir. 2008); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280–81 (9th Cir. 2000) (discussing elements in the context of termination).

As noted in the Court's original order, Plaintiff has adequately pled the first three elements of an age discrimination claim. (Doc. 16 at 3–4).[1] In her initial complaint, she had not, however, "pled sufficient facts to demonstrate that similarly situated individuals were treated more favorably because of their age." (*Id.*). Likewise, the three new paragraphs fail to identify any similarly-situated individuals under 40 treated more favorably. She again mentions a "young Caucasian male that received several write-ups" and was not fired. (Doc. 17 at 6). As this Court noted in its original order, individuals are similarly situated when "they have similar jobs and display similar conduct." *Vasquez*, 349 F.3d at 641. Employees in supervisory positions are generally deemed not to be similarly situated to lower level employees. *See id.* (citing *Ward v. Procter & Gamble Paper Prods. Co.*, 111 F.3d 558, 560–61 (8th Cir. 1997)). Plaintiff does not state that this young Caucasian male was similarly

---

[1] In the original order, the Court noted that she did not include her age in the complaint itself, but that her age was subject to judicial notice. In the three new paragraphs in the amended complaint, Plaintiff confirms that she is 45 years old. (Doc. 17).

- 3 -

1 situated; she refers instead to her initial complaint, where she implied that the young man
2 worked under her. (Doc. 1 at 4).

3 Plaintiff states in her response that her manager made inappropriate comments about
4 her age, and stated when Plaintiff suggested hiring older people that "I don't want to hire
5 anyone older." (Doc. 20 at 3). These statements alone do not cure her complaint. The
6 comments about her age, made by a person other than the one responsible for firing her, are
7 not direct evidence that the termination was based on her age. Allegations that her manager
8 refused to consider applicants over 40 may provide grounds for claims by those applicants
9 that they were the objects of discrimination, but again do not relate directly to Plaintiff's
10 termination, particularly since the manager in question did not in fact terminate Plaintiff.
11 Since the allegations do not provide direct evidence that she was terminated because of her
12 age, Plaintiff is left to demonstrate indirect evidence, and as noted above has failed to do so.

### B. Race Discrimination

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on account of race. 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin."). A Plaintiff making a racial discrimination claim based on indirect evidence may still rely on the *McDonnell Douglas* burden-shifting framework. As in the original complaint, however, Plaintiff has failed to identify any similarly situated individuals who were not members of her protected class and were treated more favorably. The statements about the young Caucasian male do not save the complaint because the amended complaint, like the original complaint, does not state that this person had a similar job or engaged in similar conduct. (Doc. 16 at 6).

### C. Wrongful Termination

The Arizona Equal Protection Act ("AEPA") provides a cause of action for wrongful termination when an employer "has terminated the employment relationship of an employee in violation of a statute of this state." A.R.S. § 23-1501(3). To determine "whether claims survive a motion to dismiss, the Court looks to the [Complaint] in its entirety, not merely the

- 4 -

1 count as articulated. Thus, the Court must consider if there are any plausible claims that can
2 be maintained from the allegations asserted, not just the specific statute alleged." *Lombardi*
3 *v. Copper Canyon Academy, LLC*, 2010 WL 3775408, at *6 (D. Ariz. Sept. 21, 2010).

4 Plaintiff alleges that her manager arranged to have her fired because Plaintiff had
5 raised justifiable concerns about her manager's policies regarding cell phone use, dress, and
6 safety, which the manager considered "gossiping." (Doc. 17 at 8). In Plaintiff's words, "the
7 firing was a witch-hunt attempt that was initiated by my manager . . . who contacted the
8 director . . . in hopes of getting her to come over and find something, anything, to not only
9 get me in trouble but also beat me to the punch of reporting my manager's recent
10 inappropriate actions." (*Id.*).

11 Plaintiff's civil rights claims must be dismissed, as discussed above. Her claim that
12 she was fired because she was raising concerns about her manager's conduct more closely
13 resembles a claim under Arizona's whistleblower statute, A.R.S. §§ 23-425, 38-532. The first
14 statute prohibits adverse employment action "against any employee because such employee
15 has filed any complaint or instituted or caused to be instituted any proceeding under or
16 related to this article." A.R.S. § 23-425(A). The second prohibits an employee to take adverse
17 action against a subordinate for disclosures made "to a public body alleging a violation of
18 law, mismanagement, gross waste of monies or an abuse of authority." A.R.S. § 38-
19 532(A)(1–2). Although Plaintiff states that she complained of mismanagement and safety
20 concerns, she does not allege that she made the complaint to a public body. She furthermore
21 does not allege that she filed a complaint or instituted a proceeding against her supervisor;
22 she argues instead that her manager arranged to have her fired before she could make any
23 such complaint. Plaintiff acknowledges that she was an at-will employee. (Doc. 17 at 2). Her
24 complaint does not state a violation of the whistleblower statutes or any other Arizona
25 employment law. Her complaint must be dismissed.

26 **D.     Motion to Strike**

27 The conclusions of the Department of Economic Security regarding whether Plaintiff
28 was aware of a rule or whether the rule was applied uniformly are not relevant to any of the

- 5 -

claims in the amended complaint. Plaintiff provides none of the supporting materials upon which the DES ruling was based. Even were the court to consider the DES statement, it would not play any role in its determination. Defendant's motion to strike is denied as moot.

## CONCLUSION

Plaintiff's amended complaint fails to correct the deficiencies of her original complaint. In the Ninth Circuit, pro se litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Before dismissing without leave to amend, the district court must give guidance to a pro se plaintiff regarding the deficiencies of dismissed claims in a complaint. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988) ("We do not . . . require the district court to act as legal advisor to the plaintiff. . . . However, the court must do more than simply advise the pro se plaintiff that his complaint needs to [comply with Rule 8]. . . . The district court is required to draft 'a few sentences explaining the deficiencies.'") (citations omitted). Plaintiff was given notice of her complaint's deficiencies, and guidance on how to correct those deficiencies, in the Court's previous order. (Doc. 16). She failed to correct those deficiencies in her amended complaint, and will not be granted leave to try again. Her complaint is dismissed without leave to amend.

**IT IS THEREFORE ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 18) is **granted**.
2. Defendant's Motion to Strike (Doc. 21) is **dismissed as moot**.
3. The Clerk of Court shall **terminate this lawsuit**.

DATED this 29th day of February, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge